DANIEL B. TITUS, administrator on the estate of CHARLES TITUS,

*vs.*

CHARLES W. BERRY, and another.

Knox. Opinion January 4, 1882.

*Replevin Bond. Obligee not named.*

An action cannot be maintained upon a replevin bond which does not contain the name of the obligee and in which all the places where the name of the obligee should occur are blanks, though it be annexed to the replevin writ.

The court remarks that where the defendant in replevin procures the action to be dismissed because the bond is invalid in that it does not contain the name of the obligee, and afterwards brings an action on the bond, he cannot then have leave to fill up the blanks so as to make the instrument a valid bond.

ON EXCEPTIONS AND REPORT.

Debt on replevin bond. Writ dated August 27, 1879. The opinion states the case.

*A. P. Gould*, for the plaintiff.

*C. E. Littlefield*, for the defendants.

LIBBEY, J. To support his action the plaintiff put in evidence a blank replevin bond executed by the defendants. The places in the instrument where the name of the obligee should occur are all blank. The declaration in the plaintiff's writ describes the bond as given by the defendants to his intestate; but there is nothing upon the instrument put in evidence which tends to show that the plaintiff's intestate was intended as the obligee. True, it is attached to a replevin writ, in favor of the defendant Berry, and against the plaintiff's intestate, and was returned by the officer with the writ, but there is nothing in the bond referring to the writ by which the obligee can be ascertained. In its present form it does not support the plaintiff's declaration, and we are aware of no authority which holds that an action can be maintained upon such an instrument.

But as, if the exceptions are sustained, the action will stand for trial, and the motion for leave to fill up the blanks with the name of the plaintiff's intestate may be renewed, without intending to decide the question as it is not now before us, it is not improper that we should remark, that, looking into the record of the judgment in the action of the replevin, which is a part of the case, it appears that the action was dismissed on motion of the defendants, and one ground of the motion is that the plaintiff in that suit did not execute and deliver to the officer, serving the writ, a bond to said defendants as the law requires. If the bond was delivered to the officer with the name of the obligee in blank, he had the right to fill up the blanks with the name of the

defendant in the writ, and the defendant had the right, if he so elected to have the blank so filled; but if the defendant elected not to have the blanks so filled, but to treat the bond as void for that reason, and on his motion procured the dismissal of the action for that cause, the plaintiff, representing him, cannot now have leave to fill up the blanks so as to make the instrument a valid bond. The action of his intestate would estop him from so doing.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.